Filed 4/29/15  P. v. Villegas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061862 |
| v. | (Super.Ct.No. INF1200178) |
| RAYMOND JOE VILLEGAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David B. Downing, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE

On May 2, 2012, an amended information charged defendant and appellant Raymond Joe Villegas with felony receipt of stolen property under Penal Code[1] section 496, subdivision (a) (count 1); and misdemeanor resisting arrest under section 148, subdivision (a)(1) (count 2). The amended information also alleged seven prison priors under section 667.5, subdivision (b). Moreover, the amended information alleged that defendant was ineligible for probation under section 1203, subdivision (e)(4).

On May 3, 2012, the jury found defendant guilty as charged. On May 7, 2012, the trial court found prison priors 1 through 6 to be true, and granted the prosecution's motion to dismiss prison prior 7. The court also found defendant to be in violation of his felony probation in another case.

On June 15, 2012, the trial court imposed an eight-year county jail sentence under section 1170, subdivision (h). The court custody term comprised the upper term of three years on count 1, and an additional five years for prison priors 1, 3, 4, 5 and 6. The court stayed the sentence on prison prior 2 on the grounds that defendant served it concurrently with prison prior 1. The court also imposed a concurrent term of three years under section 1170, subdivision (h), for the probation violation.

---

[1] All statutory references are to the Penal Code unless specified otherwise.

On May 15, 2014, the trial court received a notice of appeal submitted by defendant's trial counsel on behalf of defendant. The court rejected the notice as untimely. On September 12, 2014, we granted defendant's habeas corpus petition and ordered the lower court to deem defendant's notice of appeal as timely filed. On September 17, 2014, the trial court filed the notice of appeal with a date of May 15, 2014.

## II

### STATEMENT OF FACTS

In the afternoon of January 11, 2012, David Galvan was working as a supervisor at the Vons grocery store located in the City of La Quinta. He observed defendant pushing a shopping cart inside the store with a large blue Lucerne cooler bag inside the cart. Sometime later, Galvan observed defendant approach the front of the store with the blue bag on his shoulder. The bag looked like it was full. Three checkout stands were open, but defendant did not go through any of the checkers as he left the store. Galvan asked defendant if he was going to pay for the items. Defendant did not look at him and continued to leave. Outside the market, defendant hopped on a bike and took off.

Around that time, Deputy Brandon Klecker was on patrol and learned that a theft suspect fled from the Vons supermarket on a bike while carrying a blue bag. Shortly thereafter, the deputy observed defendant riding a silver bike with a wire basket attached that contained a blue bag. The deputy approached defendant as he was getting off his bike at a bus stop. The deputy told him to stop. Defendant dropped the silver bike and took off running.

3

Defendant ran southbound across Highway 111 and was nearly struck by moving vehicles. The deputy chased him into a parking lot on the other side of the highway. The deputy saw defendant throw a small black baggie while he was running. The length of the chase was approximately four football fields. Defendant looked back in the deputy's direction on two occasions during the chase. When the deputy caught up to defendant, he pushed defendant to the ground and secured him. Defendant told the deputy that he was "fast." The deputy found marijuana in the black baggie that defendant threw and had been on defendant's person.

After defendant was detained, law enforcement officers secured the bike. When they opened the blue bag, they found four vodka bottles inside; the vodka was worth $107.71. The deputy also found an abandoned bike in the bushes nearby. This bike was not operable. The two tires were flat, the chain was broken, and it was covered in dust.

Deputy Michelle Hart questioned defendant after he was arrested. He stated that he had not been to Vons. When he saw Deputy Klecker approach him, he dropped his bike and ran. Defendant stated that he ran because he did not like the police and he stays out of jail longer if he runs. He said he knew nothing about the marijuana that the deputies recovered. He also stated that the bike in the bushes belonged to him. He was not riding the silver bike with the silver basket.

# III

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. On December 29, 2014, defendant filed an opening brief and the People filed its response on February 27, 2015. On March 10, 2015, defendant filed a request to strike his opening brief and replace it with a brief under *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436. "The reason for striking the prior brief is that the trial court granted [defendant's] Proposition 47 petition under Penal Code section 1170.18. [Defendant's] conviction was reduced to a misdemeanor and he was released from custody. Thus, the trial court's ruling accomplished the purpose of this appeal as set forth in the opening brief." We granted defendant's request. On March 13, 2015, counsel filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

# IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

KING

J.


MILLER

J.